# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **REAGAN MACKENZIE BEARD; AARON FRANKLIN ANTHONY; and GEOFFREY DANIEL ROCKWELL,** | § § § § § | |
| **Plaintiffs,** | § § § | **Civ. No.: _____** |
| **V.** | § § | |
| **TRINCHERO CIHC, LLC; MENAGE A TROIS WINE & SPIRITS; TFE LOGISTICS GROUP, INC.; TRINCHERO FAMILY ESTATES; and DOES 1 through 20,** | § § § § § § § | |
| **Defendants.** | | |

---

## PLAINTIFFS' ORIGINAL VERIFIED COMPLAINT

---

Comes now Plaintiffs, Reagan Mackenzie Beard, professionally known as Reagan James ("Beard" or "James"); Aaron Franklin Anthony ("Anthony"); and Geoffrey Daniel Rockwell ("Rockwell"), (collectively referred to as "Artists") complains of Defendants Trinchero CIHC, LLC ("Trinchero"); Ménage a Trois Wine & Spirits ("Ménage a Trois"), TFE Logistics Group, Inc., ("TFE"), Trinchero Family Estates ("Trinchero Family") and DOES 1 through 20, ("collectively referred to as "Ménage a Trois Defendants").  In support of the Complaint, Plaintiffs allege:

## <u>NATURE OF THE CASE</u>

1.     This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et. seq.,* along with fraud and other tort claims due to Ménage a Trois Defendants exploiting the art and original works of James, Anthony, and Rockwell.

1

2.      Plaintiff Reagan James is a vocal artist who rose to fame as a contestant on Season Seven of The Voice, on Blake Shelton's team.

3.      Reagan released multiple single LPs, including "Better Than This" (hereinafter "the Song"). *See* https://www.musicbed.com/songs/better-than-this/29551 The initial recording of this Song is a duration of 4 minutes and 29 seconds long.  Reagan owns the registered copyrights to her original works, including the Song.

4.      Anthony and Rockwell are co-creators and owners, along with James of the "Master" and "Song" of the work at issue in this case.

5.      Ménage a Trois Defendants willfully took and used the Song and Master recording "Better Than This" to be the soundtrack of its brand.

6.      This action was willful because there were negotiations related to licensing the song, and Ménage a Trois Defendants even had James record a brand-specific voiceover (and never compensated her for the time or the recording).

7.      Rather than paying the artists, as is required by law (and would be the ethical thing to do), Ménage a Trois Defendants stole the song, stiffed the artists, and raked in Hundreds of Millions of Dollars, with James's exquisite voice singing the original work, "Better Than This," as the literal soundtrack for their brand.  The Song was used on the website, as the opening page to introduce the brand.  The Song was used in multiple paid advertisements, so consumers had a song associated with the Ménage a Trois brand.  And all this was done exploiting the original work, when Ménage a Trois Defendants knew who the rightful owners were.  They knew, and they stole the song anyway.

8.      Ménage a Trois Defendants infringed the owners' copyrights by utilizing the Song and

Master without the consent or permission of Artists for web/digital use, broadcast use, and voiceover use. A voiceover is a production technique where a voice – that is not part of a narrative – is used in radio, television production, filmmaking, theatre, or other presentations. The voiceover is read from a script and may be spoken by someone who appears elsewhere in the production or by a specialist voice actor. Ménage a Trois Defendants requested James record a specific voiceover, which she did. She was never compensated in any way for the voiceover.

## JURISDICTION AND VENUE

9.      Artists' claims arise under the copyright laws of the United States, 17 U.S.C. § 101 *et. seq.,* (hereinafter the "Copyright Act"), and Texas law.

10.     Subject matter and personal jurisdiction are vested in this Court with regard to all Defendants, pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1338(a) (jurisdiction over copyright actions). The Court has supplemental/pendent jurisdiction over any claim arising under state law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) when such claim(s) arise out of the same operative facts as the federal claim(s).

11.      Further this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) (diversity of citizenship). The amount in controversy exceeds $75,000, and complete diversity of citizenship exists. Complete diversity of citizenship occurs when no plaintiff and defendant are domiciled in the same state. TheMénage a Trois Defendants are all citizens of California. And Plaintiffs are all citizens of Texas.

12.     Venue in this judicial district is proper pursuant to 28 U.S.C. §1400(a) and 28 U.S.C. §1391(b). In addition, Artists have suffered harm in this District and a substantial part of the events or omissions giving rise to the claim(s) asserted herein occurred in this district.

## AGENCY & RESPONDEAT SUPERIOR

13.     Whenever in this Complaint it is alleged that any of the Defendants did, or failed to do, any act, thing and/or omission, it is meant that such Defendant itself/himself/herself or its/his/her agents, officers, servants, employees, vice principals, or representatives either did or failed to do such act, thing and/or omission, and it was done with the full authorization or ratification of such Defendant, and/or done in the normal routine, course and scope of the agency or employment of such Defendant or its/his/her agents, officers, servants, employees, vice principals, or representatives and/or with actual and/or apparent authority of such Defendant.

## PARTIES

14.     Plaintiff Reagan Mackenzie Beard, professionally known as Reagan James, was and is a resident of Dallas, Texas.

15.     Plaintiff, Aaron Franklin Anthony, was and is a resident of Fort Worth, Texas.

16.     Plaintiff, Geoffrey Daniel Rockwell, was and is a resident of Fort Worth, Texas.

17.     Trinchero CIHC, LLC, is a limited liability company organized in the State of California with its principal business in Saint Helena, California.  Trinchero CIHC, LLC will receive the service of the Complaint upon its registered agent, Robert Torkelson, at 100 Saint Helena Hwy. S, Saint Helena, California 94574, or wherever he may be found.

18.     Ménage a Trois, LLC, is a limited liability company organized in the State of California with its principal business at 5900 Wilshire Blvd., Suite 2550, Los Angeles, CA  90036.  Service of the Complaint upon is registered agent, CSC Lawyers at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833-3505.

19.     TFE Logistics Group, Inc., is a corporation organized in the State of Missouri, with its principal business at 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA  95833.  Service of

the Complaint upon its registered agent, CSC Lawyers at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833-3505.

20.     Trinchero Family Estates is the family enterprise and brand by which it operates, with its principal business at 100 St. Helena Hwy (Hwy. 29) South, St. Helena, CA 94574.

21.     The true names and capacities of the defendants named herein as DOES 1 through 20, whether individual, corporate, associate, or otherwise, are unknown to Artists, who therefore sue said defendants by fictitious names.  Artists are informed and believe, and thereon allege, that each of the Defendants designated herein as DOE is legally responsible for the events and happenings hereinafter alleged and legally caused injury and damages proximately thereby to Artists as alleged herein.  Artists will seek leave to amend the Complaint when the true names and capacities of said DOE defendants have been ascertained.  Named Defendants and DOES 1 through 20 are herein after collectively referred to as "Defendants."

22.     James, Antony, and Rockwell have been and are currently the sole owners and proprietors of all right, title and interest in the copyrighted song known as "Better Than This."  Likewise, James is the sole owner and proprietor of the voiceover created by her at the request of Ménage a Trois.

23.     Defendants are part of a Fortune 500 company that sells wine and spirits, including Ménage a Trois Red Wine.

24.     Beginning in June 2021, Ménage a Trois Defendants reached out to the copyright owners (James, Anthony, and Rockwell), seeking a very limited use license for "Better Than This." Ménage a Trois Defendants also requested Reagan James use her original voice, which is well-known and recognizable in the market, to perform a voiceover over the original work, that referenced the Ménage a Trois brand.

25.   The voiceover was an original recording of the voice of James, owned by James.

26.   The purported "limited use" of the original work and comprised the Song and Master was for web/streaming use including Facebook, Instagram, LinkedIn, YouTube, and Vimeo social media platforms for September 1, 2021 through September 1, 2022; TV advertising (in the United States only) for a period of September 1, 2021, through October 27, 2021. This limited use license was only for a period of 57 days. The agreed fee for these services for 57 was $12,000.

27.   Despite negotiating these terms, Ménage a Trois Defendants never paid James a cent (nor any of her agents or co-owners).

28.   Ménage a Trois Defendants went silent, took the original work, and used it without paying for it at all. This license agreement was never executed by Ménage a Trois or returned to Artists. This merely sets forth the willful nature of Defendants in stealing the Song, Master, and voiceover.

29.   Not only did Ménage a Trois Defendants use the original work for 57 days on social media. Ménage a Trois Defendants used the song for over 600 days, on every type of media, including broadcast television, and its website, evidence of a willful act to steal, deprive, and defraud Artists.

30.   August through September 2021, the voiceover that was owned completely by James and the copyrighted Song and Master owned by Artists were delivered to Ménagea Trois. Thus, any use of the Song, Master, or the voiceover is in violation of the copyrights owned by Artists.

31.   Defendants admit to using the Song via broadcast on at least one occasion, and Artists have identified multiple occasions where the Song and Master were used in violation of the copyrights.

32.   Ménage a Trois Defendants used the Song—without any authority or right—for at least 604 days, without paying the copyright holders a dime, not only for streaming online on social media, but also for Ménage a Trois Defendants' website, on television, on social media, and other

6

## CAUSES OF ACTION

### COUNT I

### COPYRIGHT INFRINGEMENT – AGAINST ALL DEFENDANTS

33.     Artists re-allege and incorporate paragraphs 1 through 32 above as if recited verbatim.

34.     Artists Reagan James, Aaron Anthony, and Geoff Rockwell are the rightful owners of an original work—a song, "Better Than This."

35.     Artists owned the intellectual property of the Song, as well as the Master recording of the Song.  James owned the voiceover.

36.     Defendants willfully used without authorization (for years) the protected works, embodying "Better Than This," by unlawfully exploiting the Song and Master.

37.     The original recorded Song, is copyrighted.  The Master and voiceover are also protected by copyright and owned by the Artists and James respectively.

38.     Defendants benefitted and profited from its unlawful exploitation of James, Anthony, and Rockwell's original works, namely the Song and Master (and potentially the voiceover).

39.     Defendants willfully violated the United States Copyright Act,  Title 17 U.S.C. § 101 *et. seq.*

40.     Defendants had actual knowledge and intent to willfully infringe upon the original work.

41.     Defendants engaged with James and Rockwell, knowing fully they were the rightful owners of the original works (the Song, Master and voiceover).  Rather than behaving with morals, Ménage a Trois, did not even pay the license to use the original works, as originally negotiated.

42.     Instead, it ran off with the original works, and unlawfully exploited the Song and Master, and used it for years, pocketed millions of dollars, and paid the artists, whose work they stole—nothing.

---

PLAINTIFFS' VERIFIED ORIGINAL COMPLAINT                                                                    7

43.     Defendants have benefited from their infringements of the Works, namely the Song, Master, (and potentially the voiceover), while Artists have suffered and will continue to suffer monetary damages, irreparable injury to her business, reputation, and goodwill, and the Works will suffer dilution in the marketplace; therefore, Artists are entitled to injunctive relief, damages, and other relief set forth in the Act.

## COUNT II

### THEFT LIABILITY ACT – AGAINST ALL DEFENDANTS

44.     Artists incorporate all allegations in Paragraphs 1 through 43 as if they were fully set forth herein.

45.     Artists had possessory right to property, including but not limited to sound recordings, original works, and combination thereof, including the Song, Master, and voiceover.

46.     Defendants unlawfully appropriated the property by taking it without Artists' effective consent.

47.     Defendants appropriated the property with the intent to deprive Artists of the property and their rights to earn income and benefits derived from the property.

48.     Artists sustained damages as a result of the theft.

## COUNT III

### CONVERSION – AGAINST ALL DEFENDANTS

49.     Artists incorporate all allegations in Paragraphs 1 through 48 as if they were fully set forth herein.

50.     Artists owned, had legal possession of, or were entitled to possession of certain property, namely original works and sound recordings, and combination thereof, including the Song, Master, and voiceover.

---

51.    Defendants assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of an inconsistent with Artists' rights.

52.    Artists made a demand for the property.

53.    Defendants refused to return the property.

54.    Artists sustained damages as a result.


## COUNT IV

### DECEPTIVE TRADE PRACTICES ACT – AGAINST ALL DEFENDANTS

55.    Artists incorporate all allegations in Paragraphs 1 through 54 as if they were fully set forth herein.

56.    Artists are consumers, as defined by the Deceptive Trade Practices Act.

57.    Defendants are "persons" under the DTPA, namely they are individuals, partnership, corporation, association, or other group that employed a false, misleading, or deceptive act or practice.

58.    Defendants committed one or more wrongful acts:

(1)    A false, misleading, deceptive act or practice that is specifically enumerated in Texas Business and Commerce Code Section 17.46(b) and that was relied upon by Artists to Artists' detriment;

(2)    A breach of an express or implied warranty;

(3)    Any unconscionable action or course of action; or

(4)    Violation of a tie-in consumer statute which are classified as "false, misleading, or deceptive acts or practices."

59.    Defendants' actions were the producing cause of Artists' damages.

60.    Artists suffered damages as a result of Defendants' actions in violation of the DTPA.

## COUNT V

### FRAUD – AGAINST ALL DEFENDANTS

61.     Artists incorporate all allegations in Paragraphs 1 through 60 as if they were fully set forth herein.

62.     Defendants made a representation to Artists.

63.     The representation was material.

64.     The representation was false.

65.     When the Defendants made the representation, the Defendants:

      (1)     knew the representation was false; or

      (2)     made the representation recklessly, as a positive assertion, and without knowledge of the truth.

66.     Defendants made the representation with the intent that Artists act on it.

67.     Artists relied on this representation.

68.     The representation caused Artists' injury.

69.     Defendants' actions were the producing cause of Artists' damages.

## COUNT VI

### CONSPIRACY – AGAINST ALL DEFENDANTS

70.     Artists incorporate all allegations in Paragraphs 1 through 69 as if they were fully set forth herein.

71.     Defendants were members of a combination of two or more persons.

72.     The object of the combination of some of Defendants was to accomplish:

      (1)     An unlawful purpose; or

      (2)     A lawful purpose by unlawful means.

73.     The members had a meeting of the minds on the object or course of action.

74.    One of the members committed an unlawful, overt act to further the object or course of action.

75.    Artists suffered injury as a proximate result of the wrongful act.

## COUNT VII

### UNJUST ENRICHMENT – AGAINST ALL DEFENDANTS

76.    Artists incorporate all allegations in Paragraphs 1 through 75 as if they were fully set forth herein.

77.    Defendants have benefitted from ghosting Artists, after negotiating terms to a licensing agreement, and then never signing it, but then utilizing the Song, Master, and potentially utilizing the voiceover, without any right, license, or title, and benefitting substantially from the unlawful misappropriation and use.

78.    Artists provided a benefit to Defendants by giving access to the original works (Song, Master, and voiceover).

79.    Defendants derived a benefit from the Artists' original work, master recordings, (the Song, Master, and potentially the voiceover), obtained by fraud, duress, or the taking of undue advantage.

80.    Defendants' retention of the benefit is or was unjust and/or unconscionable.

81.    In August 2021, the Defendants stated an urgency for the voiceover, which Artists expeditiously completed and delivered to Defendants; however, Defendants obtained the voiceover under fraud, when they had no intentions of executing or paying the agreed upon fee for the Licensing Agreement for the voiceover and licensing.

82.    Defendants are still benefiting financially from the illegal exploitation and usage of the copyright-protected works (Song and Master).

## COUNT VII

### QUANTUM MERUIT – ALL DEFENDANTS

83.     Artists incorporate all allegations in Paragraphs 1 through 82 as if they were fully set forth herein.

84.     Artists provided valuable products and/or services to Defendants.

85.     Defendants accepted the products and/or services and used and enjoyed them.

86.     Defendants had reasonable notice that Artists providing products and services expected to be paid by Defendants.

87.     From June 7, 2021 to present, Defendants have unjustly enriched themselves by wrongfully converting, taking, utilizing or managing the property and financial interests of Artists, namely the Song, Master, and voiceover.

88.     Such acts and omissions leading to Defendants' unjust enrichment were the actual and proximate cause of harm to Artists.

89.     Accordingly, Defendants are liable in damages to Artists in excess of $3,000,000.00, the exact amount to be proven at trial, arising out of Defendants' unjust enrichment.

## COUNT VIII

### DAMAGES – ALL DEFENDANTS

90.     As a result of Defendants' actions, Artists have incurred and/or will incur the following damages:

a.      Reasonable and necessary attorneys' fees and costs in  the proceedings before this Court, and those fees required for any appeal to the Court of Appeals, and thereafter to the Supreme Court.

b.      Actual damages;

c.    Loss of profits and any other actual damages sustained by Artists due to Defendants' unlawful conduct;

d.    Defendants' profits unjustly received due to unlawful conduct;

e.    Lack of royalties;

f.    Statutory damages;

g.    Punitive damages.

## <u>PRAYER</u>

WHEREFORE, Artists pray for an entry of a judgment, ordering and declaring:

1.    That, preliminary pending trial of this action and permanently thereafter, Defendants and their agents, servants, employees, successors, licensees, and assignees, and all persons, firms, entities, partners, corporations or associates in active concert or participation with Defendants, are preliminary and thereafter permanently enjoined from doing, threatening, or attempting to do or cause to be done, either directly or indirectly, by any means, method or device, any of the following acts:

   a.    In whole or in part, infringing, using, selling, streaming, broadcasting, or displaying Plaintiff James' "Better Than This," including any derivative work created therefrom, including, but not limited to the voiceover;

2.    That Defendants have violated the Copyright Act, 17 U.S.C. §101 *et. seq.*;

3.    That Defendants account for profits derived from their infringement of the Song, Master, and voiceover related to "Better Than This" and for an order of restitution of the entire amount of those profits, in amounts to be proven at trial, to Artists;

4.    An assessment of (a) actual damages, plus the amount of Defendants' profit attributable to the infringement, or in the alternative, an assessment of statutory damages, as

authorized by the Copyright Act;

5.  That Defendants pay all of Artists' attorneys' fees, cost and disbursements incurred in this suit;

6.  That Defendants pay exemplary or punitive damages to the extent available under, and according, to law;

7.  That Defendants have willfully and deliberately committed copyright infringement against Artists.

8.  That Defendants be ordered to pay interest according to law; and

9.  For all such other, further, and different relief that this Court deems just, necessary and proper.

Respectfully submitted,

*/s/ Jessica Renee Brown*
Jessica Renee Brown
jessica@KJPartners.law
State Bar No. 24048975
KJ Partners LLP
4849 Greenville Avenue, Suite 100-170
Dallas, TX 75206
Telephone: 469.586.6861

**ATTORNEY FOR PLAINTIFFS**
**REAGAN MACKENZIE BEARD, AARON**
**FRANKLIN ANTHONY, and GEOFFREY**
**DANIEL ROCKWELL**

## <u>VERIFICATION</u>

I, Geoffrey Daniel Rockwell, declare under penalty of perjury that I have personal knowledge of the facts set forth in Plaintiffs' Verified Original Complaint, and those facts are true and correct.

_____

Geoffrey Daniel Rockwell